UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOBBY CARL TERRICK**                                                                              **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 20-2356**

**JEFF LANDRY**                                                                                         **SECTION: "B"(5)**

### TRANSFER ORDER

Petitioner, Bobby Carl Terrick, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2002 state court conviction for second-degree murder. In 2017, he was resentenced to life imprisonment with benefit of parole after serving twenty-five years.[1] He has filed multiple habeas corpus petitions in this Court both before and after his resentencing.

In this fifth habeas petition, he challenges the grand jury indictment.[2] Rec. Doc. 4-1, p. 5. He claims that his conviction was unconstitutional based on a defective, non-unanimous grand-

---

[1] See Rec. Doc. 4-2, p. 50 (Transcript of Resentencing). Terrick, who was a juvenile at the time of the offense, was convicted in 2002 and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. In his first appeal, he raised the following claims: (1) the State presented insufficient evidence to convict him; and (2) the trial court committed reversible error in (a) denying defendant's motion to suppress the statement he gave the police; and (b) in denying his motion for a new trial. His conviction and sentence were affirmed. Following the Supreme Court's pronouncements in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. ___, 136 S.Ct. 718 (2016), he was ultimately resentenced in November 2017 to life imprisonment with the benefit of parole after serving twenty-five years. His second appeal challenging the resentencing concluded in August 2018. The appellate court agreed with counsel's *Anders* brief that there were no nonfrivolous issues for appeal and granted the motion to withdraw. The appellate court rejected Terrick's pro se assignment that applying La. R.S. 15:574.4 in resentencing him under *Miller* violates the *ex post facto* clause and his constitutional right to due process and fair warning, or that he should have received a sentence for the lesser responsive verdict of manslaughter since that was the law in effect at the time he committed the offense. The court of appeal affirmed the life sentence with benefit of parole. *State v. Terrick*, 18-102 (La. App. 5th Cir. Aug. 29, 2018), 254 So.3d 1246. The Louisiana Supreme Court denied supervisory writs. *Terrick v. State of Louisiana*, 2018-KO-0532, 2019 WL 277609 (La. 1/14/19), 260 So.3d 1217.

[2] His attachments to the petition appear to reflect that the claims surrounding the grand jury indictment may have been exhausted in the state courts. See Rec. Doc. 4-2, p. 106 and Rec. Doc. 4-3, pp. 6, 39, and 76. It appears he was denied PCR based on a time-bar on May 2, 2019. He was granted limited relief from the Louisiana Fifth Circuit

jury indictment. He also complains about an incomplete record on review. He contends that he may now raise new claims involving the original judgment of conviction, because it is considered a "new" judgment due to his resentencing. Rec. Doc. 4-1, p. 11.

A review of this Court's records reflects that Terrick has filed four prior petitions for writ of habeas corpus related to this same conviction. His first petition was filed in 2006. *Bobby Terrick v. N. Burl Cain, Warden*, Civil Action 06-541-AJM. In that petition, he raised the following grounds for relief:

1) The evidence was insufficient to support the conviction for second-degree murder and he was denied due process when the appellate court on direct appeal held otherwise;

2) The prosecutor's decision to increase the charges from manslaughter to second-degree murder was tainted by vindictiveness.

The petition was dismissed with prejudice on the merits by Judgment entered September 16, 2008. Terrick appealed. The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability. Rec. Doc. 32.

Terrick filed a second petition for writ of habeas corpus related to this same conviction and sentence in 2013. *Bobby Terrick v. N. Burl Cain, Warden*, Civil Action 13-3493 "B"(5). In that petition, Terrick asserted that the evidence was insufficient to convict him of second-degree murder. That petition was considered as an impermissible second or successive application, construed in part as a motion for authorization to proceed in this Court and transferred to the United

---

in 19-KH-261 on June 24, 2019. However, on August 28, 2019 (remand), his claim was denied on other procedural grounds. He was then denied relief by the Louisiana Fifth Circuit (19-KH-471) on November 14, 2019, and by the Louisiana Supreme Court (2019-KH-2063) on August 14, 2020.

States Fifth Circuit Court of Appeals. The motion for authorization was subsequently denied. Rec. Doc. 6.

In February 2019, Terrick filed a third petition for writ of habeas corpus related to the same conviction but specifically challenging his resentencing. *Bobby Terrick v. Darrell Vannoy*, Civ. Action 19-985 "B" (5). He raised the same claims that he asserted in a pro se capacity as part of his second direct appeal following his resentencing. The claims were set forth by Terrick in his federal petition as follows:

1) Does the Due Process Clause and Fair Warning articles of U.S. Const. La. Constitutional (1974) Arts. and 1§2 and [illegible] a judicial decision making that retroactively apply a statutory enactment created after sentence and commission of offense of accused.

2) Does the Ex Post Facto Clause [illegible] a legislative Act to be applied retroactive abridging a pre-existing guarantee.

That petition was denied on the merits by Judgment entered on March 17, 2020. Rec. Doc. 28. The case is currently on appeal before the United States Fifth Circuit Court of Appeals. No. 20-30227.

In July 2019, while his third petition was pending, Terrick filed his fourth federal petition for habeas corpus relief raising two additional unrelated and seemingly unexhausted claims challenging his confession and the grand jury indictment. *Bobby Carl Terrick v. Darrel Vannoy, Warden*, Civ. Action 19-11515 "B"(5). At the time, he appeared to be pursuing review of those claims in separate post-conviction relief proceedings in the state courts. The state review proceedings remained unresolved at different levels of the state-court system. The federal petition was transferred to the United States Fifth Circuit Court of Appeals as second or successive to determine if Terrick was entitled to authorization to proceed. Rec. Doc. 4. The motion for

authorization was dismissed for failure to comply with the Fifth Circuit's notice.  Rec. Doc. 6. The case was briefly reopened, but then authorization to file a successive habeas petition was denied as premature.[3]  Rec. Doc. 8.  (Docket No., Fifth Circuit 19-30652).

This petition raises one of the claims previously asserted in his fourth petition for writ of habeas corpus; however, the U.S. Fifth Circuit declined to grant him authorization to proceed in that matter.  Terrick's current petition presents claims that accrued well before his resentencing and could have been asserted previously in his federal petition following the original judgment of conviction, or in the petition filed after his resentencing (Civ. Action 19-985) if considered a new judgment of conviction.  Presumably, his post-conviction relief claim involving his confession (raised in his fourth federal habeas petition) is still separately pending in the state courts.

The instant petition constitutes an improper attempt to engage in multiple attacks on the same conviction and to circumvent the gatekeeping provisions in place under 28 U.S.C. § 2244. The petition presently before the Court constitutes a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

---

[3] The order issued by the U.S. Fifth Circuit in No. 19-30652 suggested Terrick had a motion to vacate pending before the district court; however, the Court is not aware of any such filing nor how it would impact Terrick's request for authorization to proceed with a Section 2254 habeas.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Bobby Terrick's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 11th day of September, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE